Exhibits A-E

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| ANNA ARMSTRONG, | : | LAW NO. CL110692 |
| Plaintiff, | : | |
| | : | |
| vs. | : | PETITION |
| | : | |
| MCDONALD'S CORPORATION & RICK MADISON | : | |
| | : | |
| Defendant. | : | |

COMES NOW the Plaintiff, Anna Armstrong, by and through her attorneys, Jeffrey M. Lipman and Kristin M. Herrera of Lipman Law Firm, P.C., 8450 Hickman Road, Suite 16, Clive, Iowa 50325, and for this cause of action states:

## I. INTRODUCTION

1. This action is filed pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) et seq., the Iowa Civil Rights Act, Iowa Code Chapter 216, and other common law theories of recovery. Plaintiff Anna Armstrong is a female who was employed by the McDonald's Corporation and under the direct supervision of Rick Madison. During her employment with the McDonald's Corporation, Ms. Armstrong was subject to a constant barrage of harassment and discrimination based on her sex.

## II. PARTIES

2. That Plaintiff, Anna Armstrong, at all material times hereto, was a resident of the County of Adams, State of Iowa.

3. That Defendant, McDonald's Corp., at all material times hereto, has been a corporation licensed to do business in the state of Iowa. The registered agent for



EXHIBIT

A

McDonald's Corp. is Prentice Hall Corporation System, with its address as 729 Insurance Exchange Building, Des Moines, Iowa 50309.

4. That Defendant, Rick Madison, at all material times hereto, was a resident of Polk County, Iowa.

### III. JURISDICTION AND VENUE

5. That this Petition is filed pursuant to Iowa Code Chapter 216, Iowa Civil Rights Act, Title VII of the Civil Rights Act of 1964,  42 U.S.C. §2000e et seq., the Americans with Disabilities Act, and State of Iowa common law. The discrimination and harassment occurred in Polk County, Iowa and as such, this court has original jurisdiction over the parties and claims.

6. Venue is properly vested within Polk County, Iowa as the Defendant does business in this district and the events giving rise to this claim occurred in this district.

### IV. PROCEDURAL REQUIREMENTS

7. On March 19, 2007, within 180 days of the acts of which the Plaintiff complains, the Plaintiff filed charges of employment discrimination with the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission against the Defendant.

8. On May 17, 2007, The Iowa Civil Rights Commission deemed Plaintiff's case to warrant further investigation.

9. On September 25, 2008, within 90 days of the filing of this action, the Iowa Civil Rights Commission issued Plaintiff, pursuant to Iowa Code § 216.16 (1991) an Administrative Release with respect to her charges of discrimination and harassment.

10. The Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue with respect to her charges of discrimination and harassment on October 9, 2008, within 90 days of the filing of this action.

## V. FACTUAL BACKGROUND

11. Plaintiff realleges the allegations contained in paragraphs 1 (one) through 10 (ten) and incorporates the same as if fully set forth herein. Plaintiff, by this reference further incorporate her allegations contained in her ICRC complaint form (attached hereto) and by this reference made a part hereof.

12. Plaintiff was employed with McDonald's Corp. from approximately October 2006 to January 2007. During her employment with McDonald's Corp., Plaintiff was required to work under the supervision of Defendant Rick Madison.

13. Plaintiff was repeatedly subjected to a constant barrage of sexual comments from Defendant Madison about her body, clothing, and sexuality while she was employed at McDonalds, Corp. and under the supervision of Defendant Madison.

14. Defendant Madison repeatedly tried to hug and kiss Plaintiff.

15. Defendant Madison on several occasions physically restrained Plaintiff in an attempt to make her give him a kiss or to grope Plaintiff.

16. Defendant Madison repeatedly made sexual comments about Plaintiff's physical characteristics.

17. Defendant Madison made continuous comments about Plaintiff looking "pretty" and having a "good body."

18. Defendant Madison repeatedly told other employees information about Plaintiff that caused Plaintiff to be treated unfairly in the workplace.

3

19. Defendant Madison repeatedly winked and smiled in a manner that was very uncomfortable and sexually suggestive towards Plaintiff.

20. Defendant Madison told Plaintiff that if she didn't perform oral sex on him, she would not be hired.

21. Defendant Madison purposely scheduled Plaintiff for shifts where her only available transportation to work was himself.

22. When Plaintiff attempted to arrange transportation to work that did not involve Defendant Madison, Defendant Madison cancelled said transportation because he wanted to drive Plaintiff to work.

23. While transporting Plaintiff to work, Defendant Madison repeatedly groped Plaintiff's breasts, inappropriately placed his hands on her leg, attempted to force her to kiss him, and attempted to force her head to his penis.

24. Defendant Madison repeatedly told Plaintiff she could not tell anyone about his behavior, as there were already assumptions about him at work regarding his relationship with previous female employees, and if she did tell anyone, Plaintiff would be fired.

25. Plaintiff told several managers about the behavior of Defendant Madison, only to be told Defendant Madison's behavior was well-known around the workplace.

26. Defendant Madison gave Plaintiff several raises in an attempt to persuade her to stay quiet about his behavior.

27. Because of Defendant Madison's behavior and the resulting stigma in the workplace, Plaintiff quit her job and was so afraid of seeing Defendant Madison that she had her final check mailed to her residence.

4

28. As a result of Defendant Mason's conduct, Plaintiff sees a counselor weekly.

29. The aforesaid conduct occurred in the workplace and the Defendant Madison and Defendant McDonald's Corporation knew that this sexual harassment was occurring. These incidents occurred many times in the presence of management and Defendant Rick Madison.

30. Defendant Madison was Plaintiff's supervisor at McDonald's Corporation and as such, said Defendant is subject to strict liability.

## VI. COUNT I – VIOLATION OF IOWA CODE CHAPTER 216
## SEX DISCRIMINATION AND HARASSMENT

31. That Plaintiff repleads the allegations contained in paragraphs 1 (one) through 30 (thirty) above and by this reference incorporates the same as if fully set forth herein.

32. All of the Defendants' above actions were unwelcome and uninvited.

33. The Defendants have harassed and discriminated against Plaintiff with respect to the terms and conditions of her employment and created and maintained a sexually hostile work environment in violation of Iowa Civil Rights Act, Iowa Code Chapter 216.

34. Said harassing conduct included, but was not limited to, unwanted sexual advances, unwanted verbal sexual comments, and unwanted physical conduct of a sexual nature.

35. The Defendants have engaged in a continuing and pervasive pattern and practice of sexual harassment in violation of the Iowa Civil Rights Act, Iowa Code Chapter 216.

36. The Defendants' actions were intentional and done with reckless disregard for causing harm to Plaintiff.

37. Plaintiff has suffered in the past and will continue to suffer in the future, mental and emotional harm, anguish, humiliation, embarrassment, medial, therapeutic, and other costs, loss of wages, benefits and other emoluments of employment as a proximate result of Defendants acts and failure to act.

WHEREFORE, the Plaintiff requests judgment against each of the Defendants in an amount which will fully and fairly compensate them for their injuries and damages, for interest, and costs allowed by law, for attorneys' fees and for such other and further relief as may be equitable in the premises.

## VII.  COUNT II – VIOLATION OF 42 U.S.C. § 2000(e)
## SEX DISCRIMINATION AND SEXUAL HARASSMENT
## & HOSTILE ENVIRONMENT

38. Plaintiff realleges the allegations contained in paragraphs 1 (one) through 37 (thirty-seven) and incorporates the same as if fully set forth herein.

39. The Defendants harassed and discriminated against the Plaintiff with respect to the terms and conditions of their employment, created and maintained a sexually hostile work environment all in violation of Title VII, 42 U.S.C. § 2000(e) et seq.

40. The conduct included, but was not limited to, unwanted sexual advances, verbal sexual remarks, and physical conduct of a sexual nature.  This conduct was severe and pervasive thereby changing the terms and conditions of employment.

41. Plaintiff has suffered in the past and will continue to suffer in the future, mental and emotional harm, anguish, humiliation, embarrassment, medical, therapeutic

and other costs, loss of wages, benefits and other emoluments of employment as a proximate result of Defendants' actions and failure to act.

42. The Defendants' acts and failure to act were intentional and done with reckless disregard for causing harm to the Plaintiff as to justify an award of punitive damages.

WHEREFORE, the Plaintiff requests judgment against the Defendants in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages, for interest and costs allowed by law, attorneys' fees and for such other and further relief as may be equitable in the premises.

## VIII.  COUNT III – RESPONDEAT SUPERIOR

43. Plaintiff realleges the allegations contained in paragraphs 1 (one) through 42 (forty-two) and incorporates the same as if fully set forth herein.

44. Defendant McDonalds Corp. is liable for the intentional and negligent conduct of all its employees, including but not limited to the Defendant Madison, who was Plaintiff's supervisor because it was foreseeable and within the course of his employment with McDonald's Corp.

45. Defendant McDonalds Corp. is liable for the acts committed by its officers and employees acting within the scope and course of its employment and duties.

WHEREFORE, the Plaintiff requests that this Commission enter judgment against the Defendant in an amount that will fully and fairly compensate her for all of her damages, for punitive damages, together with interest as allowed by law, for attorney fees, the costs of this action, and for such other and further relief as may be equitable in the premises.

## IX.  COUNT IV – STRICT LIABILITY

46.  Plaintiff realleges the allegations contained in paragraph 1 (one) through 45 (forty-five) and incorporates the same as if fully set forth herein.

47.  McDonald's Corp. had knowledge of the sexual harassment and discrimination that was occurring in Plaintiff's case.  That many of the incidents listed above were done in the presence of management personnel of McDonald's Corp. Defendant Madison was employed in a supervisory and management capacity and as such, McDonald's Corp. is strictly liable for his conduct.

48.  Defendant McDonald's Corp. is liable for the acts committed by its officers and employees acting within the scope and course of their employment and duties.

49.  Defendants' acts and failure to act were intentional and were done with reckless disregard to Plaintiff's rights so as to justify an award of punitive damages.

WHEREFORE, the Plaintiff requests that this Commission enter judgment against the Defendant in an amount that will fully and fairly compensate her for all of her damages, punitive damages, attorney fees, together with interest as allowed by law, the costs of this action and for such other and further relief as may be equitable in the premises.

Respectfully submitted,

Jeffrey M. Lipman — PK0009759
LIPMAN LAW FIRM, P.C.
8450 Hickman Road, Suite 16
Clive, Iowa 50325
Phone: (515) 276-3411
Fax: (515) 276-3736
Email:  lipmanlawfirm@aol.com

8

Kristin M. Herrera      AT0009831
LIPMAN LAW FIRM, P.C.
8450 Hickman Road, Suite 16
Clive, Iowa 50325
Phone: (515) 276-3411
Fax: (515) 276-3736
Email:  lipmanlawfirm@aol.com

ATTORNEYS FOR PLAINTIFF

Original filed.

9

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| ANNA ARMSTRONG, | : |
| Plaintiff, | : LAW NO. *CL10692* |
| | : |
| vs. | : ORIGINAL NOTICE |
| | : |
| MCDONALD'S CORPORATION & | : |
| RICK MADISON, | : |
| Defendant. | : |

TO:    Defendant Rick Madison:

You are hereby notified that there is now on file in the office of the Clerk of the above Court, a Petition, a copy of which is attached. The Plaintiff's attorneys are Jeffrey M. Lipman and Kristin M. Herrera, 8450 Hickman Road, Suite 16, Clive, Polk County, Iowa 50325.

You are further notified that unless you serve within twenty (20) days of service of this notice upon you and file within a reasonable time thereafter a written special appearance, motion, or answer in the Iowa District Court for Polk County at the Courthouse in Des Moines, Iowa, judgment by default will be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

_Randy Osborn_

Clerk, Polk County District Court

NOTE: The attorney(s) who is expected to represent the Defendant(s) should be promptly advised by Defendant(s) of this notice.



EXHIBIT

B

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| ANNA ARMSTRONG, | : |
| Plaintiff, | : LAW NO. CL110692 |
| | : |
| vs. | : DEMAND FOR JURY TRIAL |
| | : |
| MCDONALD'S CORPORATION & | : |
| RICK MADISON | : |
| | : |
| Defendant. | : |

COMES NOW the Plaintiff, Anna Armstrong, by and through her attorneys, Jeffrey M. Lipman and Kristin M. Herrera of Lipman Law Firm, P.C., and hereby requests a trial by jury pertaining to the above case.

Respectfully submitted,

Jeffrey M. Lipman  PK0009759
LIPMAN LAW FIRM, P.C.
8450 Hickman Road, Suite 16
Clive, Iowa 50325
Phone: (515) 276-3411
Fax:    (515) 276-3736
Email:  lipmanlawfirm@aol.com

Kristin M. Herrera   AT0009831
LIPMAN LAW FIRM, P.C.
8450 Hickman Road, Suite 16
Clive, Iowa 50325
Phone: (515) 276-3411
Fax:    (515) 276-3736
Email:  lipmanlawfirm@aol.com

ATTORNEYS FOR PLAINTIFF

Original filed.

EXHIBIT
C

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| ANNA ARMSTRONG, | ) | |
| | ) | |
| Plaintiff, | ) | LAW NO. CL110692 |
| | ) | |
| v. | ) | ACCEPTANCE OF SERVICE |
| | ) | |
| RACCOON VALLEY PARTNERSHIP, | ) | |
| & RICK MADISON | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Due, legal and timely service of the above and foregoing Original Notice,

Petition, Jury Demand, Interrogatories, and Requests for Production of Documents are

hereby accepted and acknowledge receipt of true copies thereof this _31st_ day of

December 2008, in Des Moines, Polk County, Iowa, for Raccoon Valley Partnership.

Becky S. Knutson   AT0004225
Davis, Brown, Koehn, Shors &
Roberts, P.C.
215 10th Street, Suite 1300
Des Moines, Iowa 50309-3993
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
BeckyKnutson@davisbrownlaw.com

ATTORNEY FOR DEFENDANT,
RACCOON VALLEY PARTNERSHIP



**EXHIBIT**
D

#1628703

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| ANNA ARMSTRONG, | : | |
| Plaintiff, | : | LAW NO. CL110692 |
| | : | |
| vs. | : | AMENDED PETITION |
| | : | |
| RACCOON VALLEY PARTNERSHIP | : | |
| d/b/a MCDONALD'S RESTAURANT & | : | |
| RICK MADISON, Individually, | : | |
| | : | |
| Defendant. | : | |

COMES NOW the Plaintiff, Anna Armstrong, by and through her attorneys,

Jeffrey M. Lipman and Kristin M. Herrera of Lipman Law Firm, P.C., 8450 Hickman

Road, Suite 16, Clive, Iowa 50325, and for this cause of action states:

## I. INTRODUCTION

1. This action is filed pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §

2000(e) et seq., the Iowa Civil Rights Act, Iowa Code Chapter 216, and other common

law theories of recovery. Plaintiff Anna Armstrong is a female who was employed by the

Raccoon Valley Partnership d/b/a McDonald's Restaurant and under the direct

supervision of Rick Madison. During her employment with the Raccoon Valley

Partnership d/b/a McDonald's Restaurant, Ms. Armstrong was subject to a constant

barrage of harassment and discrimination based on her sex.

## II. PARTIES

2. That Plaintiff, Anna Armstrong, at all material times hereto, was a resident of

the County of Adams, State of Iowa.



EXHIBIT

E

3. That Defendant, Raccoon Valley Partnership d/b/a McDonald's Restaurant, at all material times hereto, has conducted business in the state of Iowa. The attorney for Raccoon Valley Partnership d/b/a McDonald's Restaurant is Becky Knutson, Davis Brown, Koehn, Shors & Roberts, P.C., 215–10th Street, Suite 1300, Des Moines, Iowa 50309-3993.

4. That Defendant, Rick Madison, at all material times hereto, was a resident of Story County, Iowa, residing at 105 N. 3rd Avenue, Huxley, IA 50124.

## III.  JURISDICTION AND VENUE

5. That this Petition is filed pursuant to Iowa Code Chapter 216, Iowa Civil Rights Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., the Americans with Disabilities Act, and State of Iowa common law. The discrimination and harassment occurred in Polk County, Iowa and as such, this court has original jurisdiction over the parties and claims.

6. Venue is properly vested within Polk County, Iowa as the Defendant does business in this district and the events giving rise to this claim occurred in this district.

## IV.  PROCEDURAL REQUIREMENTS

7. On March 19, 2007, within 180 days of the acts of which the Plaintiff complains, the Plaintiff filed charges of employment discrimination with the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission against the Defendant.

8. On May 17, 2007, The Iowa Civil Rights Commission deemed Plaintiff's case to warrant further investigation.

2

9. On September 25, 2008, within 90 days of the filing of this action, the Iowa Civil Rights Commission issued Plaintiff, pursuant to Iowa Code § 216.16 (1991) an Administrative Release with respect to her charges of discrimination and harassment.

10. The Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue with respect to her charges of discrimination and harassment on October 9, 2008, within 90 days of the filing of this action.

## V.  FACTUAL BACKGROUND

11. Plaintiff realleges the allegations contained in paragraphs 1 (one) through 10 (ten) and incorporates the same as if fully set forth herein.  Plaintiff, by this reference further incorporate her allegations contained in her ICRC complaint form (attached hereto) and by this reference made a part hereof.

12. Plaintiff was employed with Raccoon Valley Partnership d/b/a McDonald's Restaurant from approximately October 2006 to January 2007.  During her employment with Raccoon Valley Partnership d/b/a McDonald's Restaurant, Plaintiff was required to work under the supervision of Defendant Rick Madison.

13. Plaintiff was repeatedly subjected to a constant barrage of sexual comments from Defendant Madison about her body, clothing, and sexuality while she was employed at McDonalds, Corp. and under the supervision of Defendant Madison.

14. Defendant Madison repeatedly tried to hug and kiss Plaintiff.

15. Defendant Madison on several occasions physically restrained Plaintiff in an attempt to make her give him a kiss or to grope Plaintiff.

16. Defendant Madison repeatedly made sexual comments about Plaintiff's physical characteristics.

3

17. Defendant Madison made continuous comments about Plaintiff looking "pretty" and having a "good body."

18. Defendant Madison repeatedly told other employees information about Plaintiff that caused Plaintiff to be treated unfairly in the workplace.

19. Defendant Madison repeatedly winked and smiled in a manner that was very uncomfortable and sexually suggestive towards Plaintiff.

20. Defendant Madison told Plaintiff that if she didn't perform oral sex on him, she would not be hired.

21. Defendant Madison purposely scheduled Plaintiff for shifts where her only available transportation to work was himself.

22. When Plaintiff attempted to arrange transportation to work that did not involve Defendant Madison, Defendant Madison cancelled said transportation because he wanted to drive Plaintiff to work.

23. While transporting Plaintiff to work, Defendant Madison repeatedly groped Plaintiff's breasts, inappropriately placed his hands on her leg, attempted to force her to kiss him, and attempted to force her head to his penis.

24. Defendant Madison repeatedly told Plaintiff she could not tell anyone about his behavior, as there were already assumptions about him at work regarding his relationship with previous female employees, and if she did tell anyone, Plaintiff would be fired.

25. Plaintiff told several managers about the behavior of Defendant Madison, only to be told Defendant Madison's behavior was well-known around the workplace.

4

26. Defendant Madison gave Plaintiff several raises in an attempt to persuade her to stay quiet about his behavior.

27. Because of Defendant Madison's behavior and the resulting stigma in the workplace, Plaintiff quit her job and was so afraid of seeing Defendant Madison that she had her final check mailed to her residence.

28. As a result of Defendant Mason's conduct, Plaintiff sees a counselor weekly.

29. The aforesaid conduct occurred in the workplace and the Defendant Madison and Defendant Raccoon Valley Partnership d/b/a McDonald's Restaurant knew that this sexual harassment was occurring. These incidents occurred many times in the presence of management and Defendant Rick Madison.

30. Defendant Madison was Plaintiff's supervisor at Raccoon Valley Partnership d/b/a McDonald's Restaurant and as such, said Defendant is subject to strict liability.

## VI.  COUNT I – VIOLATION OF IOWA CODE CHAPTER 216
## SEX DISCRIMINATION AND HARASSMENT

31. That Plaintiff repleads the allegations contained in paragraphs 1 (one) through 30 (thirty) above and by this reference incorporates the same as if fully set forth herein.

32. All of the Defendants' above actions were unwelcome and uninvited.

33. The Defendants have harassed and discriminated against Plaintiff with respect to the terms and conditions of her employment and created and maintained a sexually hostile work environment in violation of Iowa Civil Rights Act, Iowa Code Chapter 216.

34. Said harassing conduct included, but was not limited to, unwanted sexual advances, unwanted verbal sexual comments, and unwanted physical conduct of a sexual nature.

35. The Defendants have engaged in a continuing and pervasive pattern and practice of sexual harassment in violation of the Iowa Civil Rights Act, Iowa Code Chapter 216.

36. The Defendants' actions were intentional and done with reckless disregard for causing harm to Plaintiff.

37. Plaintiff has suffered in the past and will continue to suffer in the future, mental and emotional harm, anguish, humiliation, embarrassment, medial, therapeutic, and other costs, loss of wages, benefits and other emoluments of employment as a proximate result of Defendants acts and failure to act.

WHEREFORE, the Plaintiff requests judgment against each of the Defendants in an amount which will fully and fairly compensate them for their injuries and damages, for interest, and costs allowed by law, for attorneys' fees and for such other and further relief as may be equitable in the premises.

## VII.  COUNT II – VIOLATION OF 42 U.S.C. § 2000(e)
## SEX DISCRIMINATION AND SEXUAL HARASSMENT
## & HOSTILE ENVIRONMENT

38. Plaintiff realleges the allegations contained in paragraphs 1 (one) through 37 (thirty-seven) and incorporates the same as if fully set forth herein.

39. The Defendants harassed and discriminated against the Plaintiff with respect to the terms and conditions of their employment, created and maintained a sexually hostile work environment all in violation of Title VII, 42 U.S.C. § 2000(e) et seq.

40. The conduct included, but was not limited to, unwanted sexual advances, verbal sexual remarks, and physical conduct of a sexual nature. This conduct was severe and pervasive thereby changing the terms and conditions of employment.

41. Plaintiff has suffered in the past and will continue to suffer in the future, mental and emotional harm, anguish, humiliation, embarrassment, medical, therapeutic and other costs, loss of wages, benefits and other emoluments of employment as a proximate result of Defendants' actions and failure to act.

42. The Defendants' acts and failure to act were intentional and done with reckless disregard for causing harm to the Plaintiff as to justify an award of punitive damages.

WHEREFORE, the Plaintiff requests judgment against the Defendants in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages, for interest and costs allowed by law, attorneys' fees and for such other and further relief as may be equitable in the premises.

## VIII.  COUNT III – RESPONDEAT SUPERIOR

43. Plaintiff realleges the allegations contained in paragraphs 1 (one) through 42 (forty-two) and incorporates the same as if fully set forth herein.

44. Defendant Raccoon Valley Partnership d/b/a McDonald's Restaurant is liable for the intentional and negligent conduct of all its employees, including but not limited to the Defendant Madison, who was Plaintiff's supervisor because it was foreseeable and

within the course of his employment with Raccoon Valley Partnership d/b/a McDonald's
Restaurant.

45. Defendant Raccoon Valley Partnership d/b/a McDonald's Restaurant is liable
for the acts committed by its officers and employees acting within the scope and course
of its employment and duties.

WHEREFORE, the Plaintiff requests that this Commission enter judgment against
the Defendant in an amount that will fully and fairly compensate her for all of her
damages, for punitive damages, together with interest as allowed by law, for attorney
fees, the costs of this action, and for such other and further relief as may be equitable in
the premises.

## IX.  COUNT IV – STRICT LIABILITY

46. Plaintiff realleges the allegations contained in paragraph 1 (one) through 45
(forty-five) and incorporates the same as if fully set forth herein.

47. That Raccoon Valley Partnership d/b/a McDonald's Restaurant had
knowledge of the sexual harassment and discrimination that was occurring in Plaintiff's
case. That many of the incidents listed above were done in the presence of management
personnel of Raccoon Valley Partnership d/b/a McDonald's Restaurant. Defendant
Madison was employed in a supervisory and management capacity and as such, Raccoon
Valley Partnership d/b/a McDonald's Restaurant is strictly liable for his conduct.

48. Defendant Raccoon Valley Partnership d/b/a McDonald's Restaurant is liable
for the acts committed by its officers and employees acting within the scope and course
of their employment and duties.

8

49. Defendants' acts and failure to act were intentional and were done with reckless disregard to Plaintiff's rights so as to justify an award of punitive damages.

WHEREFORE, the Plaintiff requests that this Commission enter judgment against the Defendant in an amount that will fully and fairly compensate her for all of her damages, punitive damages, attorney fees, together with interest as allowed by law, the costs of this action and for such other and further relief as may be equitable in the premises.

Respectfully submitted,

LIPMAN LAW FIRM, P.C.
8450 Hickman Road, Suite 16
Clive, Iowa 50325
Phone: (515) 276-3411
Fax:    (515) 276-3736
Email: lipmanlawfirm@aol.com

BY _____
Jeffrey M. Lipman        PK0009759

AND

BY _____
Kristin M. Herrera        AT0009831

ATTORNEYS FOR PLAINTIFF

Original filed.

9